UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    Plaintiff,<br><br>vs.<br><br>**EDMUND EDWARD WILSON,**<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:13CR624 DAK<br><br>Judge Dale A. Kimball |

    This matter is before the court on Defendant's Motion Regarding Restitution. The court has carefully reviewed the documents submitted by Mr. Wilson and the Response and Supplemental Response submitted by the United States. Pursuant to DUCivR 7-1(g), the court has concluded that oral argument would not be helpful or necessary, and thus the court will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(g). Now being fully advised, the court issues the following Memorandum Decision and Order denying Defendant's motion.

    Mr. Wilson recently received a sum of money resulting from the settlement of a lawsuit in which he was involved. Through the instant motion, Mr. Wilson seeks permission to keep some of the settlement proceeds so that he may live "un-extravagantly for the next two years," which is presumably for the term of a lease agreement for a house that Mr. Wilson and his wife rented after learning of the settlement proceeds.[1] While it appears that Mr. Wilson has been

---

[1] ECF No. 110

1

compliant during his term of supervised release and has timely made his monthly payments toward restitution, the court does not have the authority to permit Mr. Wilson to keep any of the settlement proceeds.  Moreover, even if the court had such authority, allowing him to keep any portion of the settlement proceeds would serve as an injustice to the many victims of Mr. Wilson's crimes.

On August 27, 2015, Mr. Wilson pleaded guilty to two counts (Wire Fraud and Money Laundering) of a 32-count Indictment. [2] He was sentenced on October 6, 2016, to 108 months in the custody of the Federal Bureau of Prisons, followed by 36 months of Supervised Release. At the sentencing, the court ordered restitution in the amount of $12,227,920, which would be payable to the approximately 80 victims who lost significant amounts of money due to Mr. Wilson's criminal actions.[3]

During his sentencing hearing, the court noted that one of the "Special Conditions of Supervision" was that "[t]he defendant shall apply all monies received from income tax refunds, lottery winnings, *settlements*, judgments, and/or anticipated or unexpected financial gains to outstanding Court-ordered financial obligations."[4] Indeed, the federal statute regarding

---

[2] In his Statement in Advance of Plea, Mr. Wilson admitted that,"[b]eginning in and around September 2005, and continuing to and around June 2012, within the Central Division of the District of Utah and elsewhere, I devised and intended to devise a scheme to defraud investors, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and omissions of material facts. *See* ECF No. 62 at p.3.

[3] ECF No. 102, Sealed Restitution List.

[4] *See* Judgment in a Criminal Case, Special Condition No. 10, p. 4, ECF No. 100 (emphasis added); *see also* ECF No. 99, Minute Entry of Proceedings.

restitution requires that if a person obligated to provide restitution "receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed."[5]

Mr. Wilson's Plea Agreement also makes clear that he fully understood that pleading guilty would result in a requirement to pay restitution:

> (1) I agree that, pursuant to the provisions of 18 U.S.C. § 3663A(a)(1) and (c )(1), the Court shall order me to pay restitution. I also agree to pay restitution to victims of unpleaded or uncharged relevant conduct pursuant to 18 U.S.C. § 3663A(a)(3). I agree that my relevant conduct constitutes an offense for which mandatory restitution would be required by 18 U.S.C. § 3663A(c)(1), and that restitution shall be ordered by the Court.
>
> (2) I understand that the amount of restitution and the schedule of payments will be determined as a part of the sentencing proceedings in accordance with the provisions of 18 U.S.C. § 3664. I agree to pay all restitution as ordered by the Court. I agree that the payment and enforcement of my restitution order is governed by 18 U.S.C. § 3664, and my lawyer has explained the consequences of an order of restitution.[6]

Considering the above circumstances indicating that Mr. Wilson was aware that any future financial proceeds would be required to be applied to his restitution order, along with the federal statute that requires the application of settlement proceeds to restitution obligations, the court cannot allow Mr. Wilson to keep any portion of his settlement proceeds.

---

[5] 18 U.S.C. § 3664(n).

[6] Statement in Advance of Plea, ECF No. 62, at pp. 6-7

Those proceeds, as made clear in the Criminal Judgment, must be used to benefit Mr. Wilson's many victims.

## CONCLUSION

For the foregoing reasons, the court DENIES Defendant's Motion Regarding Restitution [ECF No. 110].  The settlement proceeds received by Mr. Wilson must be applied to court-ordered restitution.

DATED this 24th day of March, 2023.

BY THE COURT:

_____
DALE A. KIMBALL